**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2981
_____

ROBIN TASCO
                              Appellant

v.

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL #98
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-11-cv-01393)
District Judge:  Honorable Eduardo C. Robreno

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2015
_____

Before:  FUENTES, CHAGARES, and GREENBERG, Circuit Judges.

(Filed: December 15, 2015)
_____

OPINION[*]
_____

CHAGARES, Circuit Judge.

Robin Tasco brought suit against her former employer, the International

Brotherhood of Electrical Workers, Local #98 (the "IBEW"), alleging federal and state

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

race and gender discrimination and retaliation. After a jury returned a verdict in favor of the IBEW, Tasco moved for a new trial. The District Court denied her motion, and she appealed. We will affirm.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition. Tasco worked as a business agent for the IBEW for eight years. Her son, Frank Clark, also worked for the IBEW. Clark applied for an apprenticeship program with the IBEW but was rejected after failing a job-related exam. He was fired shortly thereafter, and then filed a complaint with the Equal Employment Opportunity Commission (the "EEOC") alleging race discrimination. After Tasco's boss became aware of Clark's complaint, he "indicated to [her] that he would retaliate against anyone and everyone who 'does this to me' (meaning file a complaint) and stated that he could not 'have them on my team.'" Appendix 14a. Tasco claims she was then fired because of her son's complaint. She filed this lawsuit in February 2011, asserting federal and state race and gender discrimination and retaliation claims. The District Court granted summary judgment as to all of Tasco's claims except her retaliation claims.

Tasco's trial was initially scheduled for May 20, 2013, and later rescheduled to August 26, 2013. The parties filed their respective pretrial memoranda on March 14, 2013. In April and May 2013, the IBEW issued subpoenas to Tasco's former lawyer and to the Pennsylvania Department of Labor and Industry, seeking documents relating to Tasco's prior personal injury, worker's compensation, and unemployment compensation claims. On August 21, 2013, the IBEW subpoenaed the Philadelphia Board of Elections,

2

seeking documents relating to Tasco's prior candidacy for Philadelphia City Council and requesting a custodian witness for trial. Also on August 21, 2013, the IBEW sent Tasco an updated trial exhibit list with seven new entries obtained through the April and May subpoenas. All of the new exhibits concerned Tasco's prior legal actions, and they included her deposition and in-court testimony, her worker's compensation claim petition, her unemployment compensation questionnaires, and the unemployment compensation referee's order in her case. Tasco moved in limine to exclude these exhibits based on untimely disclosure, and the District Court denied that motion at trial. At trial, the IBEW impeached Tasco on cross-examination using those seven exhibits, as well as an additional document produced in response to the August subpoena. The jury returned a verdict in favor of the IBEW.

The District Court denied Tasco's post-trial motion for a new trial. The District Court held that the IBEW's failure to turn over the documents produced in response to the April and May 2013 subpoenas and to disclose timely the seven trial exhibits from those productions caused Tasco no prejudice because (1) she was familiar with all the documents in question, (2) the IBEW had given Tasco notice that it was issuing the subpoenas, and (3) the exhibits were used only for impeachment. The District Court then addressed the IBEW's failure to turn over documents obtained from the Philadelphia Board of Elections, or to inform Tasco of the witness from the Board of Elections, until trial. The District Court determined these untimely disclosures also caused no prejudice because (1) only a small number of documents were produced, (2) the one document used at trial was a public record, and (3) that document was used only for impeachment.

3

Tasco also claimed the untimely exhibits were irrelevant and prejudicial. The District Court concluded that the exhibits were relevant for impeachment purposes. The IBEW did not use the exhibits for the prejudicial suggestion that Tasco should not receive relief in this case because of her other successful suits. Finally, the District Court rejected Tasco's argument that a jury instruction on the "perception theory" of retaliation was necessary. It was not disputed, according to the District Court, that the IBEW was aware of Clark's protected activity, and, therefore, such an instruction was inapplicable.

Tasco timely appealed the District Court's denial of a new trial on her retaliation claims.

## II.

The District Court had jurisdiction under 18 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. We generally review a district court's ruling on a motion for a new trial for abuse of discretion. Where the ruling was based on a determination of law, our review is plenary. McKenna v. City of Philadelphia, 582 F.3d 447, 460 (3d Cir. 2009).

## III.

A district court "may . . . grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted." Fed. R. Civ. P. 59(a)(1). As Tasco points out, we have previously remanded for a new trial based on a district court's error in admitting evidence where that evidence affected a party's substantial right. E.g., Becker v. ARCO Chem. Co., 207 F.3d 176, 205-07 (3d Cir. 2000).

The District Court here, however, committed no error. It was within its discretion to allow the IBEW to use the untimely disclosed documents at trial because the documents did not prejudice Tasco. See Fed. R. Civ. P. 37(c)(1) (failure to disclose timely information or witness results in exclusion unless the nondisclosure is "harmless"). Tasco authored the documents at issue herself (except for one, and that was the decision in her unemployment compensation case). Under this circumstance, and especially given that she received notice of the subpoenas, Tasco cannot claim she was unaware of these documents. Moreover, the documents were used only for impeachment. See Fed. R. Civ. P. 26(a)(3)(A) (excepting from pretrial disclosure evidence presented solely for impeachment). They were relevant for that purpose, see United States v. Green, 617 F.3d 233, 251 (3d Cir. 2010) ("[E]vidence concerning a witness's credibility is always relevant."), and not used for any of the prejudicial purposes of which Tasco complains.

Nor did the District Court err in refusing to instruct the jury on the "perception theory" of retaliation. See Fogleman v. Mercy Hosp., 283 F.3d 561, 571 (3d Cir. 2002). That jury instruction is appropriate where the protected activity at issue may not have occurred, but the employer believes that it did. Here, there is no dispute that the IBEW knew that Clark filed a complaint with the EEOC (the protected activity).

As a result, we hold that the District Court did not abuse its discretion in denying Tasco's motion for a new trial.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.